UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| JOSE ANTHONY TORREZ, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:17-cv-677 (SRU) |
| | : | |
| WILLIAM MULLIGAN, et al., | : | |
| Defendant. | : | |

**RULING AND ORDER**

Plaintiff Jose Anthony Torrez ("Torrez") has filed two motions seeking appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. § 1915, two motions for copies, a motion for reconsideration of my Initial Review Order, a motion requesting that I rule on the motions for appointment of counsel, and a motion for default entry. I will address each motion in turn.

**I.     Motions for Appointment of Counsel**

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997). The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989)).

Torrez identifies several law firms he has contacted, all of which have denied representation. He also states that an attorney from Inmates' Legal Aid Program told him that the program attorneys cannot represent him. Although their contract with the Department of Correction does not include representation of inmates in court, Inmates' Legal Aid Program is able to provide legal assistance such

as advice relating to discovery and assistance in responding to dispositive motions filed by the defendants. Torrez does not indicate that he requested the type of assistance Inmates' Legal Aid Program can provide. Thus, the Court cannot determine whether Torrez is unable to obtain legal assistance on his own.

In addition, the Second Circuit also has cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." *Cooper*, 877 F. 2d at 173-74. The Court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.* at 171. The current record consists only of the Complaint. Although Torrez states that all of his claims are meritorious, I cannot properly evaluate the claims without a response from the defendants. That response is not yet due. Thus, the current record is insufficient for me to determine whether the plaintiff's claims possess likely merit. Thus, appointment of counsel is premature.

Torrez' motion requesting that I rule on his motions for appointment of counsel is granted **[ECF No. 25]**, but the motions for appointment of counsel [**ECF Nos. 8, 13**] are denied without prejudice.

## II. Motions for Copies

Torrez has filed a motion to compel **[ECF No. 16]** seeking a copy of his medical records. That motion is denied without prejudice as premature. Once the defendants appear in the case, Torrez will have an opportunity to submit his discovery request to defense counsel.

Torrez has also filed a motion **[ECF No. 24]** for a copy of ECF No. 18, his original complaint, and a "couple" copies of the standard motions to proceed in forma pauperis. That motion is granted with respect to ECF No. 18 and his original complaint, but denied with respect to the motions to proceed in forma pauperis. Torrez is currently proceeding in forma pauperis and thus has not identified any

reason why he needs additional copies.

**III.    Motion for Reconsideration of Initial Review Order**

Torrez has filed a motion for reconsideration of his initial review order for the purported purpose of "emphasizing primary key components of his initial complaint that were previously stated therein." Doc. # 19 at 1.  Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided.  *Id.*

Torrez's motion admittedly seeks to relitigate issues that I have decided.  Accordingly, the motion **[ECF No. 19]** is denied.

**IV.    Motion for Default Entry**

Torrez has filed a motion for default entry against Laprey, James Delpesio, Parfumi, Paul Balatka, and Barbra Savoie.  The time in which the defendants must appear and answer the complaint has not yet expired.  Moreover, in my Initial Review Order, I expressly permitted the defendants to respond to the pending motions within 21 days of being served.  Because it is not apparent that such time has passed, Torrez's motion for default entry is denied **[ECF No. 26]** without prejudice.

**SO ORDERED** this 31st day of July 2017 at Bridgeport, Connecticut.

          /s/STEFAN R. UNDERHILL
          Stefan R. Underhill
          United States District Judge