# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JOSE ANTHONY TORREZ, <br> Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CASE NO. 3:17-cv-677 (SRU) |
| WILLIAM MULLIGAN, et al., <br> Defendants. | : <br> : <br> : <br> : | |

## RULING ON MOTION FOR RECONSIDERATION

Plaintiff Jose Anthony Torrez ("Torrez"), currently confined at Northern Correctional Institution ("Northern") in Somers, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983. On July 31, 2017, I issued an order denying several of Torrez' motions, including two motions for appointment of counsel. He now seeks reconsideration of the portion of the ruling denying the motions for appointment of counsel.

Motions for reconsideration must be filed and served within seven days from the filing of the decision or order from which relief is sought. D. Conn. L. Civ. R. 7(c)(1). The order denying Torrez' motions for appointment of counsel was filed on July 31, 2017, and mailed to Torrez that same day. Torrez did not file his motion for reconsideration until August 18, 2017, eleven days too late. Accordingly, the motion could be denied as untimely filed.

Even if his motion were timely, relief should be denied. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. *See Oparah v. New York City Dep't of Educ.*, 670 F. App'x 25, 26 (2d Cir. 2016) (citing *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration may not be used to relitigate an

issue the court already has decided. *See Schrader*, 70 F.3d at 257; *Waller v. City of Middletown*, 89 F. Supp. 3d 279, 282 (D. Conn. 2015).

Torrez does not address my order. Instead, he appears to have refiled one of his prior motions with additional detail. In the order, I noted that Torrez had identified several law firms denying representation and stated that Inmates' Legal Aid Program cannot represent him. I explained that Inmates' Legal Aid Program attorneys can assist him by providing advice regarding discovery and responding to dispositive motions. I concluded that, because Torrez had not shown that such assistance was insufficient at this stage of litigation, I could not determine whether Torrez was unable to obtain legal assistance on his own. ECF No. 28 at 1-2.

Torrez has not addressed that point or submitted any letters from Inmates' Legal Aid Program regarding assistance with this case. In addition, one of the letters Torrez submitted to show that he is unable to obtain representation in this case references a claim against the Department of Children and Families. ECF No. 33 at 4. This case includes no such claim. Thus, Torrez has identified no evidence I overlooked regarding his failure to show that he cannot obtain legal assistance on his own either from a law firm or Inmates' Legal Aid Program. I also noted in the ruling that, because the defendants had not responded to the complaint, I was unable to assess the merits of Torrez' claims. Since the order was filed, the defendants have filed their answer. Because the answer merely denies the allegations, I still am unable to assess the merit of the claims. Thus, reconsideration of the decision is not warranted.

Torrez' motion for reconsideration [**ECF No. 33**] is denied. Torrez may file a new motion for appointment of counsel provided he can demonstrate an inability to obtain legal assistance in this case and likely merit to his claim.

**SO ORDERED** this 5th day of September 2017 at Bridgeport, Connecticut.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge