# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JOSE ANTHONY TORREZ, <br>     Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CASE NO. 3:17-cv-677 (SRU) |
| WILLIAM MULLIGAN, et al., <br>     Defendants. | : <br> : <br> : | |

## RULING AND ORDER

Plaintiff Jose Anthony Torrez ("Torrez"), formerly confined at Northern Correctional Institution ("Northern") in Somers, Connecticut, field this case *pro se* under 42 U.S.C. § 1983. The remaining claims, for use of excessive force, failure to protect and unconstitutional conditions of confinement, relate to an incident in early July 2016. Torrez has filed a motion for preliminary injunction, an emergency motion for writ of mandamus, and an emergency motion for sanctions/consent decree relating to his current confinement at Northern.

In his motion for preliminary injunction, Torrez seeks an order transferring him to Garner Correctional Institution. He cites five reason why relief is warranted: (1) he suffers from several mental disorders, (2) continued confinement in Administrative Segregation could cause undue suffering, (3) he is punished for behaviors resulting from his mental illness, (4) the mental health services at Northern are inadequate to treat his mental illness, and (5) the defendants work at Northern, placing the plaintiff at risk for retaliation. The attached exhibits include a 2015 report noting that Torrez had been diagnosed with bipolar disorder, depression, ADD/ADHD hyperactive impulsive disorder and cannabis dependence, and that he expressed an intent to seek no mental health treatment upon his 2015 release from custody. In the second motion, Torrez

seeks a writ of mandamus citing the same reasons.

The third motion, requesting sanctions/consent decree, consists of one page, though it purports to be page one of five, along with twenty-one pages of exhibits. In the motion, Torrez states that he has been confined at Northern for a year. He also states that his cellmate has a seizure disorder and the cell does not have a working emergency call button. Torrez states that he is filing his motion pursuant to Federal Rule of Civil Procedure 37 and wants the defendants sanctioned. In addition to some of the exhibits from the motions described above, Torrez provides declarations from four inmates and an inmate request concerning Torrez' cellmate.

In opposition to the first two motions, the defendants have submitted the affidavit of psychologist Mark Frayne who has been providing mental health treatment for Torrez at Northern. Dr. Frayne states that Torrez is not considered a candidate for mental health medication and does not currently suffer from a mental health disorder requiring confinement at Garner Correctional Institution. Dr. Frayne also states that Torrez is progressing quickly through the Administrative Segregation Phase Program and will be transferred to Walker Correctional Institution in the near future.[1]

Mandamus relief is authorized under 28 U.S.C. § 1361. That statute, however, is limited by its terms to actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Federal district courts do not have jurisdiction to grant mandamus relief against state officials. *See, e.g., Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Anderson v. Rehmer*, 2015 WL 6675535, at *1 (D. Conn. Nov. 2, 2015). Because no defendant is a federal employee, the Court lacks jurisdiction to enter mandamus relief. Torrez' motion for writ of mandamus is denied.

---

[1] On September 5, 2017, Torrez filed a Notice of Change of Address (doc. # 38), indicating that he is now confined at Walker Correctional Institution in Suffield, Connecticut.

Preliminary injunctive relief is available only to redress injuries that are related to the conduct giving rise to the complaint. *See DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which relief may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit"); *Trowell v. Upstate Correctional Facility*, 2016 WL 7156559, at *7 (N.D.N.Y. Dec. 7, 2016) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (citation and internal quotation marks omitted)).

This action concerns an incident in July 2016, when Torrez allegedly was confined in in-cell restraints that were too short. Although he includes in his prayer for relief a general request to be transferred to Garner Correctional Institution, there are no claims in this case challenging mental health treatment. Thus, the requested relief is not available in this case.

Further, even if the motion were properly filed in this case, relief should be denied. District courts may grant preliminary injunctive relief "where a plaintiff demonstrates irreparable harm and meets one of two related standards: either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (citations and internal quotation marks omitted). When the moving party seeks mandatory relief that "alters the status quo by commanding some positive act," however, the burden is higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citations and internal quotation marks omitted). The court should not grant mandatory injunctive relief absent "a clear

showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief." *Id.* (citation omitted). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994) (other citations omitted).

Although Torrez contends that the mental health treatment at Northern is inadequate, he provides no evidence to support his claim. He submits a document noting prior diagnoses, but provides no evidence suggesting that his disorders cannot be treated at Northern. The defendants have provided the affidavit of Torrez' mental health treatment provider at Northern stating that Torrez is receiving appropriate treatment and that Torrez' mental health disorders do not require confinement at Garner Correctional Institution.

Torrez has no constitutional right to be housed in any particular correctional facility. See *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983) (inmates have no right to be confined in a particular prison). Absent evidence that his mental health treatment is so inadequate that it would cause very serious damage, Torrez' request for preliminary injunctive relief is denied.

Finally, Torrez files his last motion pursuant to Rule 37, Fed. R. Civ. P. That rule provides for sanctions for failure to cooperate in discovery matters. Torrez references no discovery disputes in his motion. Thus, no relief is available under Rule 37. The motion for sanctions is denied.

Torrez' motion for preliminary injunction [**ECF No. 11**], emergency motion for writ of

mandamus [**ECF No. 12**], and emergency motion for sanctions/consent decree [**ECF No. 17**] are **DENIED**.

**SO ORDERED** this 6th day of September 2017 at Bridgeport, Connecticut.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge