UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE ANTHONY TORREZ,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:17-cv-677 (SRU) |
| WILLIAM MULLIGAN, et al.,<br>    Defendants. | :<br>:<br>: |

## **RULINGS ON PENDING DISCOVERY MOTIONS**

On April 24, 2017, the plaintiff, Jose Anthony Torrez ("Torrez"), an inmate currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed a civil action under 42 U.S.C. § 1983 against several Department of Correction ("DOC") officers and medical staff for various constitutional violations while he was housed at Northern Correctional Institution ("Northern"). On June 6, 2017, I issued my Initial Review Order permitting his claims for excessive force, failure to protect, and conditions of confinement to proceed against five defendants: Officer Laprey, Lieutenant James Delpesio, Captain Parfumi, Barbara Savoie, and Nurse Balatka. Torrez has since filed multiple motions with the court pertaining to discovery. I enter the following orders with respect to each motion:

I. <u>Motions for Prejudgment Disclosure and Remedy (**Doc. Nos. 42, 43, 56**)</u>

On September 12, 2017, Torrez filed a motion for prejudgment disclosure of property and assets (**Doc. No. 42**) and an application for a prejudgment remedy (**Doc. No. 43**). In support thereof, he argued there is "probable cause that a judgment will be rendered in" his favor and relies on CONN. GEN. STAT. § 52-278. He seeks a prejudgment remedy in the amount of $150,000. The defendants counter that there is no reasonable basis for the court to conclude that judgment will be entered in Torrez's favor and that Torrez has failed to comply with the

requirements of section 52-278. Defs.' Obj. (**Doc. No. 51**). After the defendants submitted their response, Torrez filed another motion for prejudgment disclosure of assets and application for prejudgment remedy (**Doc. No. 56**), in which he raised the same arguments as his two prior motions. For the following reasons, I will deny all three motions without prejudice.

Federal Rule of Civil Procedure 64 permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 436 (1974); *Cordoba Shipping Co., Ltd. v. Maro Shipping, Ltd.*, 494 F. Supp. 183, 186 (D. Conn. 1980). The Connecticut prejudgment remedy statute "provides that a plaintiff suing for a money judgment may attach a defendant's real or personal property during litigation, if the plaintiff follows the statutory procedures designed to protect the defendant." *Cordoba*, 494 F. Supp. at 186.

Section 52-278c sets forth the documents that a plaintiff must file with the court to secure a prejudgment remedy, one of which is an affidavit "sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought . . . will be rendered in the matter in favor of the plaintiff." Conn. Gen. Stat. § 52-278c(a)(2).

Torrez has not complied with the requirements of section 52-278c. He has not submitted the affidavit required by section 52-278c(a)(2). The court at this time has no reasonable basis to conclude that a judgment will be entered in Torrez's favor. Therefore, Torrez's motions for prejudgment disclosure of assets and remedy (**Doc. No. 42, 43, 56**) are denied without prejudice.

2

II. Motions to Compel Discovery (**Doc. Nos. 35, 46, 57, 59**)

Torrez has filed four motions to compel the production of several documents and evidentiary items (**Doc. Nos. 35, 46, 57, 59**). He lists twenty-one items that he requested from the defendants, including "all documents and communications concerning [Torrez] . . . all incident reports involving [Torrez] . . . all videos, photographs, or telephone recordings of [Torrez] at Northern . . . [and] all policies, procedures, directives, and/or guidelines concerning UConn Correctional Managed Healthcare and [Northern] Directives." Mot. to Compel Disc. (**Doc. No. 59**). The defendants argue that (1) Torrez has failed to comply with the federal rules regarding discovery, (2) they responded to Torrez's discovery requests on September 27, 2017 and again on October 27, 2017, and (3) Torrez's requests are overbroad, and he can readily access his own files directly from DOC. Defs.' Resp. to Pl.'s Mot. to Compel Disc. (**Doc. No. 61**). For the following reasons, Torrez's motions to compel are denied without prejudice.

Local Rule 37(b) requires that memoranda be filed by both sides before any discovery motion is heard by the Court. "Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." D. Conn. L. Civ. R. 37(b)(1). The movant must attach to his memorandum, as exhibits, copies of the discovery requests in dispute. *Id.*

Federal Rule of Civil Procedure 26(b)(1) provides that a party:

> [M]ay obtain discovery regarding any nonprivileged matter that is relevant to [his] claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information

3

> within this scope of discovery need not be admissible in evidence to be discoverable.

"[A] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Harnage v. Barrone*, 15 Civ. 1035 (AWT), 2017 WL 3448543, *4 (D. Conn. Aug. 11, 2017) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment). Nevertheless, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." *Id.* (internal quotations omitted).

In this case, I agree with the defendants that Torrez's discovery requests are overbroad and include information that is not relevant to the issues of the case. The remaining legal claims to be decided are the excessive force claims against Laprey and Delpesio, the failure to protect claim against Delpesio, Savoie, Balatka, and Pafumi, and the conditions of confinement claim against Savoie and Balatka. Initial Review Order at 12 (**Doc. No. 14**). All three of those claims stem from a single incident on July 3, 2016. *Id.* at 2. Torrez's discovery requests extend well beyond that incident, including documents related to his transfer to Northern, his complete medical history, and all communications, videos, reports, grievances, and audio recordings related to his stay at Northern. Torrez has not sufficiently explained how all of that material is relevant to the incident on July 3, 2016 that gave rise to his complaint, and compelling the defendants to answer all of his requests would be unduly burdensome. *See Harnage*, 2017 WL 3448543, *10 (dismissing prisoner's discovery request as overbroad in scope); *Young v. McGill*, 09 Civ. 1186 (CSH), 2013 WL 5962090, *5 (D. Conn. Nov. 6, 2013) (inmate's request for

4

"medical grievances" without further definition or dates vague and overbroad); *Goode v. Faneuff*, 04 Civ. 1524 (WWE) (HBF), 2006 WL 2401593, *2 (D. Conn. Aug. 18, 2006) (denying prisoner's motion to compel based on prisoner's failure to explain relevancy of broad discovery requests). Therefore, Torrez's motions to compel the defendants to answer his discovery requests (**Doc. Nos. 35, 46, 57, 59**) are denied without prejudice subject to refiling at a later stage of litigation. Torrez is advised to limit his discovery requests to material relevant to his excessive force, failure to protect, and conditions of confinement claims and that any future motion to compel must comply with the requirements of Fed. R. Civ. P. 37(a) and Local Rule 37(b) as explained above.

### III. Motion to Order Physical and Mental Examination (**Doc. No. 44**)

On September 12, 2017, Torrez filed a motion for the court to order a physical and mental examination of him in light of the injuries he sustained from Laprey on July 3, 2016. He argues that prison medical staff refuse to order an M.R.I. to evaluate any mental ailments from which he currently suffers. The defendants argue that Fed. R. Civ. P. 35 does not authorize the court to grant a party's motion for his own physical and/or mental examinations. Defs.' Obj. (**Doc. No. 51**). I agree with the defendants and deny Torrez's motion.

"Rule 35 . . . does not authorize a party to file a motion for his own physical examination." *Jenkins v. Doe*, 09 Civ. 1194 (SRU) (WIG), 2011 WL 121682, *1 (D. Conn. Jan. 13, 2011) (citing *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997)). It allows a court to order a party to submit to an examination at the request of the opposing party. *See id.* (citing *Lindell v. Daley*, 02 Civ. 459-C, 2003 WL 23111624, *1-2 (W.D. Wis. Jun. 30, 2003)); *see also Ross v. Bilow*, 100 F.3d 941, *1 (2d Cir. 1996) (district court denied prisoner's motion to compel

5

defendant correction officer to submit to mental examination under Rule 35). In *Jenkins*, as in this case, the prisoner sought an order from the court for the defendant to produce for him a medical examination and M.R.I., which the court denied because Rule 35 does not permit such an order. *Jenkins*, 2011 WL 121682, *1. In addition, a party seeking a medical examination must bear the cost of the examination, and the granting of *in forma pauperis* status for that party does not authorize payment of discovery expenses by the court. *Benitez v. Choinski*, 05 Civ. 633 (JCH) (HBF), 2006 WL 276975, *2 (D. Conn. Feb. 2, 2006).

For the foregoing reasons, Torrez's motion to order a physical and mental examination (**Doc. No. 44**) is denied.

IV. Motion for Sanctions Against Defendants (**Doc. No. 45**)

On September 18, 2017, Torrez filed a motion for sanctions against Dr. Mark Frayne, who he claims is a potential witness in this case, for filing a false affidavit. The defendants secured an affidavit from Dr. Frayne (**Doc. No. 32-1**) in support of their response to Torrez's motions for a preliminary injunction (**Doc. No. 11**) and "writ of mandamus" (**Doc. No. 12**). I cannot impose any sanctions on Dr. Frayne, who is not a party to this case. *See Toliver v. Fischer*, 12 Civ. 77 (MAD/ATB), 2015 WL 403133, *10 (N.D.N.Y. Jan. 29, 2015) (denying prisoner's request for sanctions against correction officer who is not party to case). Therefore, Torrez's motion for sanctions (**Doc. No. 45**) is denied.

V. Motion for Pretrial Conference (**Doc. Nos. 47, 62, 64**)

Torrez filed three motions seeking a pretrial settlement conference with the court and the defendants. Those motions (**Doc. Nos. 47, 62, 64**) are granted. Defense counsel shall arrange for a telephonic status conference on Tuesday, February 13, 2018 at 1:00 pm. That call will

6

address possible settlement as well as the plaintiff's latest Motion to Compel and Motion for Sanctions (**Doc. No. 63**).

VI. <u>Motion for Ruling and Order (**Doc. No. 52**)</u>

On October 10, 2017, Torrez filed a motion seeking rulings on his motions for a prejudgment remedy (**Doc. Nos. 42, 43**), motion for physical and mental examination (**Doc. No. 44**), motion for sanctions (**Doc. No. 45**), and motion for pretrial settlement conference (**Doc. No. 47**). In light of my rulings on these motions, which are outlined above, the "Motion for Ruling and Order" (**Doc. No. 52**) is denied as moot.

SO ORDERED at Bridgeport, Connecticut this 22nd day of January 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge